UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **IMPROVITA HEALTH PRODUCTS, INC.,** ) | **CASE NO.  1:07CV1097** |
| Plaintiff, ) | |
| ) | **JUDGE CHRISTOPHER A. BOYKO** |
| vs. ) | |
| ) | |
| **F & F FOODS, INC.,** ) | **OPINION AND ORDER** |
| ) | |
| Defendant. ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #11) of Defendant F & F Foods, Inc. to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) and to Dismiss Count III of the Verified Complaint.  For the reasons that follow, the Motion to Transfer is granted and the above-captioned case is transferred to the United States District Court for the Northern District of Illinois.  In light of the transfer, this Court will not address the substantive Motion to Dismiss Count III for failure to state a claim upon which relief can be granted.

**I. FACTUAL BACKGROUND**

Improvita is engaged in the business of developing, manufacturing, marketing, selling, and distributing health and wellness products.  As a part of its business, Improvita purchases health and wellness products from manufacturers and/or suppliers and then brands them as Improvita products for sale in retail establishments, such as drug stores and grocery stores. F & F is a privately-held business incorporated under the laws of the State of Illinois, and is

in the business of manufacturing and supplying candy, vitamins, nutritional items and other various cough and cold remedy products under brand and private labels.

In 2005, the parties entered into a business arrangement, by which F & F would obtain, package and sell to Improvita certain effervescent dietary supplements used for cold prevention and relief. As part of the arrangement, on February 21, 2005, the parties executed a Confidentiality and Non-Disclosure Agreement, to protect against the disclosure to third parties, by either party, of the other's confidential or proprietary information that may be shared when evaluating the business relationship. Paragraph 9 of the Agreement recites as follows:

> **GOVERNING LAW.** This Agreement shall be governed by and construed in accordance with the laws of the State of Illinois, without reference to conflicts of law principles. The parties hereby submit and consent to the jurisdiction of the federal and state courts of Cook County, Illinois, for purposes of any legal action arising out of this Agreement.

A week later, the parties entered into a "Manufacturing Agreement" for the effervescent products, whereby F & F agreed to supply products to Improvita and Improvita agreed to make timely payments. This Agreement provides for any dispute to be resolved exclusively by binding arbitration, held in Cleveland, Ohio and conducted under the law of the State of Ohio.

Allegedly, Improvita learned F & F was approaching Improvita's customers, using Improvita's confidential information. On April 10, 2007, Improvita brought a civil action against F & F, and filed for a Temporary Restraining Order in Cuyahoga County Common Pleas Court. The Temporary Restraining Order was granted, *ex parte*, and a hearing was set for April 23, 2007. The Verified Complaint alleges three claims arising out of the

Confidentiality and Non-Disclosure Agreement: (1) that F & F misappropriated Improvita's trade secrets; (2) that F & F breached the Agreement by disclosing and using confidential information to Improvita's detriment; and (3) that the improper acquisition and use of confidential information constitutes unfair competition under the common law.  On April 13, 2007, F & F removed the action to Federal District Court in the Northern District of Ohio, Eastern Division.  Thereafter, on May 15, 2007, F & F Foods moved to transfer venue to the Federal District Court for the Northern District of Illinois, pursuant to 28 U.S.C. § 1404(a).

## II. LAW AND ANALYSIS

### Standard of Review

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  This section grants the district court discretion to order transfer after "individualized, case-by-case consideration of convenience and fairness." *Stewart Organization, Inc. v. Ricoh Corporation*, 487 U.S. 22, 29 (1988) (*citing Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  "The presence of a forum-selection clause such as the parties entered into in this case will be a significant factor that figures centrally in the district court's calculus." *Stewart*, 487 U.S. at 29.  "A forum selection clause contained in an agreement in connection with an arm's length commercial transaction between two business entities is valid and enforceable." *Preferred Capital, Inc. v. Assocs. in Urology*, 453 F. 3d 718, 721 (6th Cir. 2006).  The district court must balance the "private concerns" of the parties as well as "the convenience of the witnesses and those public-interest factors of systemic

integrity and fairness that, in addition to private concerns, come under the heading of 'the interest of justice.'" *Stewart*, 487 U.S. at 30.  The court should take into account, then, the private interests of the parties; the convenience of the parties and the convenience of potential witnesses; the relative ease of access to sources of proof; and public interest concerns.  *Moses v. Business Card Express, Inc*., 929 F. 2d 1131, 1136-37 (6th Cir. 1991).  Further, "[t]he forum-selection clause, which represents the parties' agreement as to the most proper forum, should receive neither dispositive consideration * * * nor no consideration * * *, but rather the consideration for which Congress provided in § 1404(a)." *Stewart*, 487 U.S. at 31.  As the United States Supreme Court also held in *Norwood v. Kirkpatrick*, 349 U.S. 29 (1955), § 1404(a) allows the district court broad discretion, and the plaintiff's choice of forum is only one factor to take into consideration. *Id*. at 32.

In the exercise of its discretion under § 1404(a), this Court has thoughtfully considered a number of relevant factors.  F & F Foods is a closely-held corporation, organized under the laws of Illinois, and with its principal place of business in Chicago, Illinois.  All of its officers and principals are employed in Illinois.  F & F maintains no employees, offices, plants, or facilities in Ohio.  All of its records are kept in Illinois and the Agreement was executed at
F & F's headquarters.  One of Plaintiff's claims is that confidential information was used to solicit a customer, Walgreens Co.  Walgreens also is an Illinois corporation, with its principal place of business in Deerfield, Illinois.

Improvita argues that the forum selection clause was drafted by F & F and is non-exclusive.  Any ambiguity must be construed against F & F, as the drafter.  Further, Improvita

asserts that a plaintiff's choice of forum should rarely be disturbed.  *Duha v. Agrium, Inc.*, 448 F. 3d 867 (6th Cir. 2006).  Improvita also contends that litigation should proceed here, since any dispute under the Manufacturing Agreement will be arbitrated in Ohio.

Although Improvita is not wrong in its assertions, the relevant considerations weigh more strongly in favor of transferring venue to federal court in Illinois.  F & F does not dispute that venue is appropriate in the Northern District of Ohio; rather, considerations of fairness and convenience militate in favor of the equally appropriate venue of Cook County Illinois.  In addition, although the forum selection clause is non-exclusive, it is a significant factor for the court's determination under § 1404(a).  There is no ambiguity in the language or wording of the clause which must be construed against F & F so as to prevent transfer.  These two savvy business entities carefully drafted the language of both agreements.  They agreed to arbitrate in Ohio any legal disputes under the Manufacturing Agreement, but consented to litigate any disputes (no matter who initiated the suit) under the Confidentiality and Non-Disclosure Agreement pursuant to Illinois law and within the Illinois jurisdiction.  Where as here, a case has been removed to federal court from state court, moreover, the plaintiff's choice of forum loses its presumptive effect.  Improvita is no longer in its chosen forum – state court.  Finally, one of the primary disputes is over F & F's use of confidential information to "win over" customers, such as Walgreens.  As has been noted, Walgreens is located in Illinois too.  Witnesses and documents will be most accessible in the Illinois jurisdiction.

## III. CONCLUSION

Pursuant to 28 U.S. C. § 1404(a), upon due consideration of all of the relevant venue factors, and in the interest of convenience, fairness, and justice, the Motion of Defendant F & F Foods, Inc. to Transfer Venue is granted.  The above-captioned case, therefore, is transferred to the United States District Court for the Northern District of Illinois.

**IT IS SO ORDERED.**

**DATE:  May 31, 2007**

**s/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**